# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Hector LaBoy (#B-63282), | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 11 C 3950 |
| | ) |
| | ) |
| Parthasarathi, Ghosh, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, two physicians at the Stateville Correctional Center, violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that Defendants provided deficient care and treatment for a knee injury. This matter is before the Court for ruling on Defendants' motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion is denied.

## LEGAL STANDARD

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41,

47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citations omitted). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d

406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

## FACTS

Plaintiff alleges the following facts, assumed true for purposes of the motion to dismiss:

Plaintiff, an Illinois state prisoner, is confined at the Stateville Correctional Center at all times relevant to this lawsuit. Defendants Parthasarathi Ghosh and Liping Zhang, now retired, were staff physicians at Stateville at the time of the events giving rise to this action.

On June 4, 2009, Plaintiff injured his knee while playing basketball [or possibly exacerbated a pre-existing injury–medical progress notes attached as Exhibit B to the Complaint indicate that Plaintiff had already experienced knee problems for several years prior to the basketball injury]. Because Plaintiff was in too much pain to walk, he was taken by wheelchair to the prison's health care unit.

The emergency room physician, Defendant Ghosh, attended to Plaintiff's injury. He prescribed Tylenol (500 mg. strength), ordered an x-ray, and provided Plaintiff with crutches, knee braces, and ice. Ghosh also issued a low bunk/low gallery permit.

An x-ray was taken five days later, on June 9, 2009. Plaintiff was informed that the x-ray results were "negative" (presumably for a broken bone, although the report does not elaborate on the negative notation). (Exhibit E to Complaint.)

On June 24, 2009, Plaintiff told a physician's assistant (Williams, not a Defendant) that he had never received his prescribed pain medication and that his knee was "collapsing" whenever he put weight on it. Williams scheduled Plaintiff for a follow-up appointment with a physician.

On July 1, 2009, Plaintiff was seen by Defendant Zhang. Plaintiff told the doctor about the lack of pain medication and the knee collapse. Plaintiff requested physical therapy, an

3

MRI, and a renewed permit for crutches. Zhang took away Plaintiff's crutches, giving him knee braces instead. Zhang gave Plaintiff ten tablets of Acetaminophen for his pain.

On July 2, 2009, Plaintiff sent a letter to Ghosh concerning the denial of crutches.

On July 5, 2009, Plaintiff sent an emergency grievance to the warden. Plaintiff complained of lost sleep due to the excruciating pain and asked for proper medical care. The warden (Ramos, not a Defendant) declined to treat the matter as an emergency and directed Plaintiff to file a regular grievance. Plaintiff therefore filed a grievance following normal channels.

On July 13, 2009, Plaintiff sent another letter to Defendant Ghosh concerning his persistent pain and the lack of pain medication.

On July 14, 2009, Plaintiff's counselor, responding to the grievance, informed Plaintiff that no further treatment was scheduled, noting, "It is not uncommon for the pain to persist for a month or two after such an injury." The grievance was accordingly denied.

On July 15, 2009, Plaintiff sent another letter to Ghosh demanding pain medication.

On July 22, 2009, Plaintiff saw a physician's assistant. Plaintiff told her that he was in severe pain, that he had never received any pain medication, and that his knee was not getting any better. The physician's assistant ordered Tylenol, "among other things."

On July 28, 2009, fifty-four days after he was injured, Plaintiff finally received his prescribed pain medication.

On September 5, 2009, Plaintiff had another appointment with Defendant Zhang. Plaintiff told Zhang that he was still experiencing severe pain and that his knee continued to collapse when he walked. Zhang became "hostile," scolding Plaintiff that the injury was his fault before muttering in a foreign language Plaintiff did not understand.

On November 4, 2009, Plaintiff saw physician's assistant Williams again. Plaintiff told Williams that he had not recovered from his injury, and that something was wrong. Plaintiff asked for a refill of his pain medication. Williams prescribed more Tylenol and issued a referral for Plaintiff to return to Ghosh, but she told Plaintiff there was nothing more she could do for him.

On November 25, 2009, Plaintiff sent a letter to Williams asking why Ghosh had not yet called him to the health care unit for an appointment.

On November 29, 2009, Plaintiff handed a letter to a medical technician. In the letter, Plaintiff insisted that he was still in great pain and inquired why the doctor was not seeing him.

On December 1, 2009, Plaintiff gave another medical technician a similar letter pleading for medical attention.

On December 20, 2009, Plaintiff sent a letter to the warden detailing his travails.

On December 22, 2009, Plaintiff had an appointment with Defendant Ghosh. Due to Plaintiff's complaints of persistent pain, Ghosh authorized a referral to the physical therapy clinic for evaluation. Ghosh also issued a medical permit for a lower bunk and for knee braces.

On January 4, 2010, Plaintiff's leg gave out as he was climbing down from his top bunk. He fell to the concrete floor, which both caused pain and aggravated his knee injury. The next day, Plaintiff told a medical technician what had happened and asked to see a doctor; however, he was never issued a call pass to the medical unit.

After Plaintiff's wife called the Stateville Correctional Center to complain about the quality of Plaintiff's medical care, Ghosh scheduled him for an MRI. The MRI was taken on June 18, 2010. Based on the MRI results, doctors concluded that Plaintiff was suffering from "chronic ACL tear, a torn lateral meniscus, and mild quadriceps tendinosis." (Complaint, Exhibit O.)

On November 29, 2010, almost a year and a half after Plaintiff injured [or re-injured] his knee, reparative surgery was performed. Physical therapy began the next day.

**DISCUSSION**

Accepting Plaintiff's allegations as true, the Court concludes that the complaint states a tenable–if borderline–deliberate indifference claim against Defendants Ghosh and Zhang. Defendants' alleged failure to provide pain management and to investigate whether Plaintiff's knee injury was more serious than a sprain is actionable under 42 U.S.C. § 1983.

Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the Defendant must be subjectively aware of, and consciously disregard, the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *See Edwards v. Snyder*, 478 F.3d 827, 830-831 (7th Cir. 2007); *Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

At this stage of the proceedings, the Court will assume Plaintiff's knee injury was objectively "serious" for purposes of Eighth Amendment analysis. Plaintiff alleges that he endured crippling pain, that he was unable to walk on the injured leg, and that his condition did

not improve over the passage of weeks and months; the injury was grave enough ultimately to require surgery. Given that initial x-ray results were negative, the extent of the damage to Plaintiff's knee may not have been readily apparent to treating physicians; however, Plaintiff's persistent pleas for medical attention should, perhaps, have alerted Defendants that Plaintiff's injury was more serious than originally thought. Plaintiff's condition therefore arguably meets the objective standard.

Although an equally close question, the complaint supports an inference that Defendants acted with deliberate indifference. To satisfy the subjective component, a prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04; *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The fact that a prisoner has received *some* medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, No. 11 C 3834, 2011 WL 2463544, *1 (N.D. Ill. Jun. 17, 2011) (Kocoras, J.). The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), or erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards. *Roe*, 631 F.3d at 857; *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

In many ways, this case mirrors the fact pattern presented in *Gonzalez v. Feinerman*, 2011 WL 6076193 (7th Cir. Dec. 2, 2011). In *Gonzalez*, the plaintiff suffered from an inguinal hernia. The plaintiff's treating physicians gave him only mild pain medication and pushed his hernia back into his lower abdomen on multiple occasions. Despite the plaintiff's reports of

escalating pain, the doctors told the plaintiff that he would be "okay" and refused to authorize surgery. When the plaintiff eventually filed suit against correctional employees under 42 U.S.C. § 1983, the district court dismissed the complaint on initial review, finding that the plaintiff's allegations amounted to a mere disagreement with the doctors' "conservative course of treatment." The U.S. Court of Appeals for the Seventh Circuit reversed, observing, "If what Gonzalez says is true, we conclude that a factfinder reasonably could infer that [prison physicians] substantially departed from professional judgment by refusing to authorize surgical repair for Gonzalez's painful hernia." *Gonzalez*, 2011 WL 6076193, at *2.

Here, as in *Gonzalez*, Plaintiff complained to doctors of debilitating pain; although Defendants and physician's assistants prescribed Tylenol, Plaintiff maintains that he went without pain medication for some fifty-four days (with the possible exception of ten tablets of Acetaminophen at one point). "[C]hronic pain presents a separate objectively serious condition." *Gonzalez*, 2011 WL 6076193, at *2. Also as did Gonzalez, Plaintiff contends that the pain caused sleep deprivation. Defendants' purported failure to take any action when Plaintiff repeatedly complained about not receiving his prescribed pain medication is suggestive of deliberate indifference.

Moreover, while Defendants note that Plaintiff was seen "on a number of occasions" by Dr. Ghosh and on two occasions by Dr. Zhang, frequent doctor visits do not, by themselves, necessarily preclude liability. "That [Plaintiff] saw a doctor does not foreclose his claim. *Gonzalez*, 2011 WL 6076193, at *2. In *Gonzalez*, where doctors delayed surgery for two years despite continuing deterioration, the Court of Appeals ruled that "[d]elay in treating a condition that is painful even if not life-threatening may well constitute deliberate indifference. . . ." Likewise, in the case at bar, the delay of a year and five months for a knee injury that did not improve–and may even have become worse–could be viewed as a substantial departure

8

from professional judgment. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Edwards v. Snyder*, 478 F.3d 827, 831-32 (7th Cir. 2007); *but see Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996) (citations omitted) (to prevail on a Section 1983 claim regarding delayed treatment, a plaintiff must submit verifying medical evidence to show that the delay adversely affected his condition).

In sum, in emphasizing the care Plaintiff did receive but downplaying the alleged deficiencies, Defendants are essentially asking the Court to view the facts in the light most favorable to the defense rather than Plaintiff, which is not the appropriate standard on a motion to dismiss. If, as alleged, Defendants failed to address Plaintiff's pain, as well as virtually ignored his tireless complaints that his knee injury was so crippling that he was in agonizing pain and practically non-ambulatory, then Plaintiff may be entitled to redress under 42 U.S.C. § 1983. Defendants' motion to dismiss is accordingly denied.

Plaintiff is nevertheless advised that he faces a high threshold in pursuing a constitutional claim. *See, e.g., Dunigan ex rel. Nyman*, 165 F.3d 590, 591 (7th Cir. 1999) ("showing deliberate indifference through a pattern of alleged neglect entails a heavy burden"). A prisoner is not constitutionally entitled to the medication or treatment of his choice. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A prisoner is constitutionally entitled only to "adequate medical care," not "unqualified access to health care." *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Neither negligence nor medical malpractice amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). In order to prevail, Plaintiff will ultimately have to demonstrate by a preponderance of the evidence that Dependants' treatment was so deficient as to amount to a substantial departure from accepted medical judgment, practice, or standards. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011); *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). "Prison physicians will be liable under the

9

Eighth Amendment if they intentionally disregard a known, objectively serious medical condition that poses an excessive risk to an inmate's health." *Gonzalez*, 2011 WL 6076193, at *2.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint for failure to state a claim [#17] is denied. Defendants are directed to answer or otherwise plead by December 23, 2011. This order is not intended to discourage either party from filing a properly supported motion for summary judgment. The Court encourages the parties to discuss possible settlement terms prior to the upcoming status conference previously scheduled for December 21, 2011, at 8:30 a.m.

**Date:** December 9, 2011

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**